UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re

       MAUREEN S. TAUB,

              Debtor.
----------------------------------------------------------x
DIANA G. ADAMS as the
UNITED STATES TRUSTEE,

              Plaintiff,

       - against -

SPREAGLE, LLC and
STEPHEN PAUL RATHJEN,

              Defendants.
----------------------------------------------------------x

Case No.: 07-70653-478

Chapter 7

Adv. Pro. No.: 07-08178-478

# MEMORANDUM DECISION AND ORDER

Appearances:

        Office of the United States Trustee
        By: Stan Y. Yang, Trial Attorney
        560 Federal Plaza
        Central Islip, New York 11722

        Stephen Paul Rathjen
        *Pro Se*
        140 Fell Court
        P.O. Box 5332
        Hauppauge, New York 11788

This matter is before the Court pursuant to an adversary proceeding commenced by the Office of the United States Trustee ("U.S. Trustee") seeking actual damages and monetary sanctions as well as a permanent injunction pursuant to 11 U.S.C. §§ 110(i) and 110(j)(2)(B) against Spreagle, LLC and Stephen Paul Rathjen ("Rathjen"), the Defendants, for violating the provisions of 11 U.S.C. §§ 110(e)(2)(A) and (B), and 110(g). Based upon the facts of this case and the relevant case law, Rathjen is enjoined from acting as a bankruptcy petition preparer before the United States Bankruptcy Court for the Eastern District of New York under 11 U.S.C. § 105(a). The following constitutes the Court's finding of facts and conclusions of law as mandated by Fed. R. Bankr. P. 7052.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## FACTS

Rathjen was previously admitted to the practice of law in New York State on March 25, 1981. By an order of the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, dated January 29, 2001, Rathjen was disbarred and his name was stricken from the roll of attorneys and counselors at law. Rathjen was "commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another opinion as to the law or its

application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law." In the Matter of Stephen Paul Rathjen, No. 1999-08558, 4 (N.Y. App. Div. Jan. 29, 2001). Subsequently, Rathjen was also disbarred from the U.S. District Court for the Eastern District of New York by an order issued on April 12, 2001 under Case No. MC-01-015 (ERK).

Subsequent to Rathjen's disbarment on January 29, 2001, Rathjen filed fourteen bankruptcy petitions in which he executed documents stating that he was the attorney for the debtors. In seven other cases, Rathjen executed documents stating that he assisted the debtors as a bankruptcy petition preparer. By order dated February 20, 2002 (the "February 20, 2002 Order"), Bankruptcy Judge Stan Bernstein directed Rathjen to disgorge any and all compensation paid to him in seven bankruptcy cases that were assigned to Judge Bernstein. It is undisputed that Rathjen has failed to disgorge any of the compensation he received as required under the February 20, 2002 Order.

On February 28, 2007, Maureen S. Taub filed a *pro se* voluntary Chapter 7 petition (the "Petition") and her Certificate of credit counseling evidencing that the Debtor completed her credit counseling requirement on January 16, 2007.

Rathjen signed the Petition as a non-attorney petition preparer on February 23, 2007. Although Rathjen failed to provide his social security number after his signature on the Petition and Statement of Financial Affairs as required by 11 U.S.C. § 110(c), Rathjen did include his social security number elsewhere in the Debtor's schedules to the petition, the Chapter 7 Individual Debtor's Statement of Intention, Official Form B 201 (Notice to Individual Consumer Debtor under § 342(b) of the Bankruptcy Code) and the Disclosure of Compensation of

Bankruptcy Petition Preparer.

The Debtor had sought Rathjen's assistance in January of 2007 based upon a referral by her matrimonial attorney, in preparing her bankruptcy petition after a contentious divorce proceeding. The Debtor met with Rathjen on three occasions to prepare her bankruptcy papers. Rathjen and the Debtor jointly determined the estimated market value of her personal assets. The Debtor's Schedule B shows personal assets in the amount of $12,000 consisting of $4,000 lent to her daughter, furniture valued at $250, clothing valued at $750 and a vehicle with a value of $7,000. Rathjen did not discuss with the Debtor the exemptions that were listed in the Debtor's Schedule C to the bankruptcy petition, claiming he presented her with written information in regard to allowances for exemptions. The Debtor's Schedule C shows that the Debtor claimed the following exemptions under 11U.S.C. § 522(b)(3): cash, clothing, and minimal household items under New York Debtor Creditor Law Section 283 and her automobile under New York Debtor Creditor Law Section 282.

The Debtor's Statement of Financial Affairs states that the Debtor paid $500 to Rathjen for his services and $299 in filing fees. The Debtor also has a receipt dated January 19, 2007 for $250 of the $500 paid to Rathjen. The receipt, which contains the letterhead of Spreagle, LLC and is signed by Rathjen on behalf of Spreagle, LLC also indicates that Rathjen received the bankruptcy filing fee of $299 from the Debtor. Rathjen is the sole shareholder of Spreagle, LLC and its only employee. In essence, Spreagle, LLC and Rathjen are one and the same.

The U.S. Trustee commenced this adversary proceeding against the Defendants on June 4, 2007. The U.S. Trustee alleges in the Complaint that 1) the Defendants engaged in the unauthorized practice of law by giving legal advice to the Debtor regarding her bankruptcy

proceeding, and 2) the Defendants provided services to the Debtor that go beyond mere typing as a bankruptcy petition preparer which had legal implications. Specifically, the U.S. Trustee alleges that:

    a)      the Defendants advised the Debtor to file a Chapter 7 petition;
    b)      the Defendants advised the Debtor of the documents which she needed to file to effectuate her bankruptcy;
    c)      the Defendants advised the Debtor regarding her duties as debtor in possession promulgated under 11 U.S.C. § 521;
    d)      the Defendants advised the Debtor to obtain a certificate from an approved nonprofit budget and credit counseling agency;
    e)      the Defendants independently selected the choice of exemptions from the Debtor's assets as well as identified statutory provisions of the New York Debtor & Creditor Law to tailor the Debtor's exempt assets and inserted the same in the Debtor's schedules; and
    f)      the Defendants prepared the Means Test on behalf of the Debtor.

Some of the allegations in the Complaint are based upon an affidavit sworn to by the Debtor under penalty of perjury, dated April 21, 2007, which has not been admitted into evidence.

The U.S. Trustee argues these alleged acts constitute the engaging in the unauthorized practice of law and is in violation of 11 U.S.C. § 110(e)(2)(A) and (B). Accordingly, under the first cause of action, the U.S. Trustee seeks sanctions of $500 pursuant to 11 U.S.C. § 110(l)(1) to be paid to the U.S. Trustee.

In addition, under the second cause of action, the U.S. Trustee alleges that the Defendants' collecting of the filing fees of $299 from the Debtor and filing of the bankruptcy petition with the Court on the Debtor's behalf constitutes a violation of 11 U.S.C. § 110(g). Accordingly, the U.S. Trustee seeks sanctions in the amount of $500 pursuant to 11 U.S.C. § 110(l)(1).

Under the third cause of action, the U.S. Trustee alleges that the Defendants' actions were fraudulent, unfair or deceptive and violated the integrity of the bankruptcy process and that

the Debtor should be awarded actual damages in the amount of $195 and monetary sanctions in the amount of $2,000 under 11 U.S.C. §§ 110(i)(1)(A) and 110(i)(1)(B).  The U.S. Trustee alleges that Rathjen failed to return any money to the debtors he represented as required under the prior order of this Court dated February 20, 2002.  In addition, the U.S. Trustee argues that Rathjen failed to advise the Debtor that he was a disbarred attorney who had been precluded from providing any legal advice in bankruptcy cases before the U.S. Bankruptcy Court for the Eastern District of New York and that he gave legal advice to the Debtor as alleged above, prepared the Debtor's petition and filed the Debtor's petition with the Bankruptcy Court.

Under the fourth cause of action, the U.S. Trustee alleges that Rathjen, under the corporate name of Spreagle, LLC, disregarded the disbarment order by continuing to practice law without a license for a period of one year until he was enjoined by this Court and that he has continued to provide legal assistance to his clients as a bankruptcy petition preparer without holding himself out as an attorney.  Accordingly, the actions of the Defendants are illegal, not in compliance with the disbarment order, and contrary to public policy and that the Debtor and any persons who may be similarly situated as the Debtor herein would be irreparably harmed by the Defendant's acts and omissions.  Based upon the foregoing causes of action, the U.S. Trustee requests that the Defendants be enjoined permanently from further engaging in the unauthorized practice of law and preparing bankruptcy petitions on behalf of others before the U.S. Bankruptcy Court in the Eastern District of New York under 11 U.S.C. § 105, and §110(j)(1), (2) & (3).

Lastly, under the fifth cause of action, the U.S. Trustee alleges that because the Defendants have provided services beyond the capacity as a typist and/or a bankruptcy petition

preparer and the U.S. Trustee needed to commence this adversary proceeding seeking sanctions and a permanent injunction against the Defendants, it requests an award of reasonable attorney's fees in the amount of $1,000 pursuant to 11 U.S.C. § 110(i)(2) and sanctions in the amount of $1,000 pursuant to 11 U.S.C. § 110(j)(4).

A trial was initially scheduled on November 26, 2007. Due to a misunderstanding, Rathjen failed to appear at the hearing. Based upon the Defendants' default, an order and judgment was entered on December 10, 2007 which permanently enjoined the Defendants from acting as a bankruptcy petition preparer and imposed monetary sanctions. A hearing was held on January 3, 2008 pursuant to Rathjen's motion for reconsideration. Upon consent of the U.S. Trustee, the default with respect to Rathjen was excused and pursuant to a January 28, 2008 order, the Court vacated the December 10, 2007 order and judgment as to Rathjen. However, the Court denied the Defendants' motion for reconsideration of the December 10, 2007 order with respect to Spreagle, LLC. Spreagle, LLC, as a corporate entity, did not retain counsel and could not appear in the adversary proceeding *pro se* and therefore, has defaulted with respect to the Complaint.

The trial against Rathjen was rescheduled and held on February 26, 2008 at which the Trial Attorney for the U.S. Trustee and Rathjen appeared. Neither the U.S. Trustee nor Rathjen subpoenaed the appearance of the Debtor for the February 26, 2008 trial.

## DISCUSSION

I.      11 U.S.C. § 110(g)

A bankruptcy petition preparer is "a person, other than an attorney for the debtor or an

employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). A document for filing is defined as a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States District Court in connection with a bankruptcy case. 11 U.S.C. § 110(a)(2). As a bankruptcy petition preparer only prepares a document for filing, the Bankruptcy Code prohibits a bankruptcy petition preparer from collecting or receiving any payment from the debtor or on behalf of the debtor for the court fees in connection with the filing the petition. 11 U.S.C. § 110(g).

A majority of the courts interpreting 11 U.S.C. § 110(g) have found that the relevant phrase "collect or receive any payment" to be clear on its face that a bankruptcy petition preparer is prohibited "from taking possession of the filing fee from the debtor." *El-Amin v. Bodenstein*, No. 02 C 50308, 2003 WL 291897, *1 (N.D. Ill. Jan. 9, 2003). See also, *Scott v. Tighe (In re Buck)*, 307 B.R. 157, 159 (C.D. Cal. 2004); *In re Alexander*, 284 B.R. 626, 633 (Bankr. N.D. Ohio 2002). "Congress enacted section 110(g) for three primary reasons: (1) preventing the unauthorized filing of petitions; (2) preventing or curtailing the preparer's influence of a debtor's decision and timing on petition filing; and (3) preventing a preparer's misrepresentation, or misquoting of the filing fee." *In re Buck*, 307 B.R. at 162-16. *See also*, *El-Amin v. Bodenstein*, No. 02 C 50308, 2003 WL 291897, *1 (N.D. Ill. Jan. 9, 2003); *In re McDonald*, 318 B.R. 37, 43 (Bankr. E.D.N.Y. 2004); *In re Paysour*, 303 B.R. 109, 116 (Bankr. E.D.N.Y. 2004); *In re Avery*, 280 B.R. 523, 531 (Bankr. D. Colo. 2002); *In re Jones*, 227 B.R. 704, 705 (Bankr. S.D. Ind. 1998); *In re Green*, 197 B.R. 878, 879 (Bankr. D. Ariz. 1996).

While the U.S. Trustee alleges that Rathjen collected or received the $299 filing fee from

7

the Debtor, Rathjen testified that he had to visit the Debtor at her residence to have her sign the bankruptcy papers because the Debtor was unable to leave her residence due to a recent surgery. In addition, because the Debtor had only cash to pay the filing fee, Rathjen avers that he took the $299 from the Debtor and obtained a money order for her and instructed the Debtor to mail her petition to the Bankruptcy Court.

Despite the Debtor's receipt from Spreagle, LLC and the disclosure in the Debtor's Statement of Financial Affairs stating that Spreagle, LLC and/or Rathjen had received the $299 filing fee from the Debtor, the Court finds Rathjen's explanation that he took the $299 in order to exchange the amount from cash to a form that the Debtor could send by mail to be reasonable. The Court takes judicial notice of the label generated by the Clerk's Office for the Bankruptcy Court and posted on the face of the petition which shows that the Petition was filed by mail and received by the Court on the petition date and that the filing fee was paid by a United States Postal Service Money Order Number 1065301754.  This supports Rathjen's contentions that he did not file the Debtor's Petition in person and that the funds Rathjen took from the Debtor were returned to her in order to enable her to file the Petition herself.

While the bankruptcy court in this district has held that a bankruptcy petition preparer violates 11 U.S.C. § 110(g) when he "takes or comes into possession of a debtor's filing fee, whether in the form of cash, or a check or money order made out to the court, and whether received from the debtor or from a third party", *In re McDonald*, 318 B.R. at 44, the court notes that this case is distinguishable in that cases concerning violations of 11 U.S.C. § 110(g) typically involve situations where the bankruptcy petition preparer not only received the filing fee, which in some cases the filing fee was in a form of a check made out to the bankruptcy

court, but also mailed the petition to the bankruptcy court for filing along with the filing fee on behalf of the debtor, thus acting as an intermediary and influencing the timing of the filing of the petition. In this instance, there is no evidence that Rathjen filed the Debtor's bankruptcy Petition by mail, and the concern of a misrepresentation or misquoting of the filing fee does not exist as the money order was made out to the U.S. bankruptcy court and Rathjen does not derive any benefit from amounts paid towards the filing fee.  While there is a concern of whether timing between Rathjen's receipt of the filing fee, conversion of the funds into a money order, and return of the filing fee would have influence the debtor's decision to file for bankruptcy or affecting the timing of the filing of the petition, there is no evidence that there was any delay in Rathjen's receipt and subsequent return of the filing fee and that such delay would have affected the Debtor's legal rights.  In the absence of any contradictory evidence, the Court finds under the circumstances of this case that Rathjen did not collect or receive the filing fee in connection with the Petition as set forth under 11 U.S.C. § 110(g).

II.     11 U.S.C. § 110(e)(2)(A) and (B).

The role of a bankruptcy petition preparer is solely to type information on bankruptcy forms.  11 U.S.C. § 110(a)(1).  *In re Reynoso*, 477 F.3d 1117, 1125 (9th Cir. 2007).  Pursuant to 11 U.S.C. § 110(e)(2)(A), a bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice.  Such legal advice includes advising the debtor:

>   (i) whether –
>       (I) to file a petition under this title; or
>       (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
>   (ii) whether the debtor's debts will be discharged in a case under this title;
>   (iii) whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;

     (iv) concerning –
       (I) the tax consequences of a case brought under this title; or
       (II) the dischargeability of tax claims;
     (v) whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;
     (vi) concerning how to characterize the nature of the debtor's interests in property of the debtor's debts; or
     (vii) concerning bankruptcy procedures and rights.

11 U.S.C. § 110(e)(2)(B).

   Contrary to the U.S. Trustee's allegations that Rathjen advised the Debtor as to the different options under Chapter 7, 11 and 13 of the Bankruptcy Code and that Rathjen recommended Chapter 7 relief as the most appropriate for the Debtor, Rathjen testified that he was instructed by the Debtor's matrimonial counsel to assist the Debtor in preparing a Chapter 7 petition and went to the Debtor's residence to do just that. Rathjen denied making any recommendation to the Debtor to file for Chapter 7 relief and stated that the decision to file Chapter 7 was based upon advice of the Debtor's matrimonial counsel. There were no allegations that Rathjen held himself out to the Debtor as an attorney nor did his business card, which he gave to the Debtor, contain any statement or words that would lead one to assume that Rathjen was an attorney.

   Although the U.S. Trustee also alleges that Rathjen instructed the Debtor to obtain credit counseling prior to filing for Chapter 7 relief, the U.S. Trustee has not satisfied its burden of proof with respect to this allegation. As Rathjen testified, Official Form B 201 (Notice to Individual Consumer Debtor under §342(b) of the Bankruptcy Code) informs potential debtors that they need to obtain credit counseling within the 180-day period before filing for bankruptcy relief. In addition, Exhibit D to the bankruptcy petition also provides a similar notice to debtors of the credit counseling requirement. Both of these forms are available on the internet and

would be part of the forms a bankruptcy petition preparer would need to provide to a debtor in preparing the petition. Without a showing that Rathjen did more than provide the Debtor with Official Form B 201 and Exhibit D to the petition, the Court cannot find that Rathjen advised the Debtor to satisfy the credit counseling requirement prior to filing her Petition.  Accordingly, the U.S. Trustee has not shown that Rathjen provided legal advice to the Debtor simply because the Debtor became aware that she needed to and in fact did satisfy the credit counseling requirement.

     Rathjen also denies providing the Debtor any legal advice in order to filing out the personal property exemptions claimed on the Debtor's Schedule C to the Petition.  A debtor claiming exemptions to real property and personal property under 11 U.S.C. § 522 is required to list the exemptions claimed and provide the relevant statutory authority under New York law and the amount of the exemption claimed up to the maximum amount permitted by law.  There was no discussion of between Rathjen and the Debtor regarding the various types of statutory exemptions.  Instead, Rathjen showed the Debtor a list of various statutory exemptions that were available for different types of assets and instructed the Debtor to read the various exemptions listed and pick the corresponding exemption that she wished to claim that related to the type of personal property she possessed.  It is unclear who generated the list of statutory exemptions that the Debtor received.  Although the provision of legal material or forms for legal use does not constitute the unauthorized practice of law in the absence of any attorney-client relationship under New York law, such provision of forms may be in violation of the bankruptcy code.  *In re Tomlinson*, 343 B.R. 400, 407 (E.D.N.Y. 2006).  However, as the list provided to the Debtor has not been admitted into evidence, the Court cannot consider or evaluate whether the description of the statutory exemptions under New York law is sufficient for a debtor to choose the relevant

statutory exemption without legal assistance and whether the provision of the list of statutory exemptions to a debtor would constitute the unauthorized practice of law as set forth under 11 U.S.C. § 110(e).

In the absence of any testimony in further support of the U.S. Trustee's allegations, the Court cannot find that Rathjen engaged in the unauthorized practice of law as set forth under 11 U.S.C. § 110(e) in connection with the preparation of the Debtor's bankruptcy petition or engaged in any fraudulent, unfair or deceptive act as set forth under 11 U.S.C. § 110(i). Accordingly, the Court cannot grant the U.S. Trustee's request for actual damages or monetary sanctions under 11 U.S.C. §§ 110(i) and (l) against Rathjen.

However, the Court does find that Rathjen has failed to comply with the February 20, 2002 Order of this Court by not disgorging any compensation he received from the debtors he represented or assisted in preparing the bankruptcy petition within the 1-year period after he was disbarred from the practice of law by New York state court. More importantly, Rathjen has testified that he no longer desires to remain as a bankruptcy petition preparer and is willing to consent to the injunctive relief sought by the U.S. Trustee. This court may exercise civil contempt powers under 11 U.S.C. § 105(a) in order to enforce its orders in core proceedings such as the February 20, 2002 Order. *In re Haddad*, 68 B.R. 944 (Bankr. D. Mass. 1987). In light of the foregoing, the Court finds that injunctive relief as well as a monetary sanction for Rathjen's contemptuous behavior in failing to comply with an order of this Court is appropriate under 11 U.S.C. § 105(a).

## CONCLUSION

1. The U.S. Trustee's request for actual damages and monetary sanctions under 11 U.S.C. § 110(i) and (l) against Rathjen under its first through fifth causes of action is denied.

2. Rathjen is hereby permanently enjoined from acting as a bankruptcy petition preparer before the United States Bankruptcy Court for the Eastern District of New York under 11 U.S.C. §§ 105(a)

3. Rathjen is hereby directed to pay five hundred dollars to the "Clerk, US Bankruptcy Court" within 30 days of the entry of this order. If the monetary sanction is not timely paid, the Court may schedule a hearing on whether the monetary sanction should be increased for failure to comply with this Court's order.

So ordered.

Dated: Central Islip, New York
      March 18, 2008                                      *s/ Dorothy Eisenberg*
                                                            Dorothy Eisenberg
                                                            United States Bankruptcy Judge